IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| AMARAVATHI LIMITED PARTNERSHIP, | § | Case No. 09-32754 |
| | § | |
| Debtor. | § | Chapter 11 Case |
| | § | |

| | | |
|---|---|---|
| In re: | § | Case No. 09-32755 |
| | § | |
| AMARAVATHI KEERTHI, LLC, | § | Chapter 11 Case |
| | § | |
| Debtor. | § | Jointly Administered Under |
| | § | Case No. 09-32754-H1-11 |

**AGREED ORDER FURTHER EXTENDING THE DEBTORS'
EXCLUSIVE PERIOD TO SOLICIT AND OBTAIN
ACCEPTANCES OF DEBTORS' PLAN OF REORGANIZATION**

Upon consideration of the agreement reached between the Debtors[1] and C1 Trust, and it appearing that the relief requested is appropriate and in the best interests of the Debtors, their Estates, and all Parties-in-Interest; and after due deliberation and sufficient cause appearing therefore, it is FOUND and DETERMINED THAT:

1. Debtors and C1 Trust are currently operating under the terms of a consensual Joint Marketing Proposal, whereby Debtors have retained, with permission of the Court [Dkt. No. 149], Apartment Realty Advisors to market Debtors' Property, and have retained Capmark Securities Inc. to market Debtors' Equity [Dkt. No. 176];

---

[1] All capitalized terms not defined herein shall have the meaning ascribed in the Debtors' Motion to Extend Exclusive Period to Solicit and Obtain Acceptances of Debtors' Plan of Reorganization (the "**Exclusivity Motion**").

2. The Properties Marketing Option was expected to conclude in early December, 2009, but the parties have now determined that such conclusion will not occur by this time. A status hearing is currently set for December 10, 2009, at 1:30 p.m., at which time the parties will update the Court on the progress of the marketing;

3. Pursuant to the Joint Marketing Proposal, Debtors have agreed not to seek a Court order permitting solicitation of the Debtors' Plan or to set a confirmation hearing while the marketing process is pending;

4. Debtors' exclusive period to solicit their Plan, without extension by the Court, expired on October 20, 2009;

5. Accordingly, on September 25, 2009, Debtors filed their Exclusivity Motion, seeking entry of an order extending their exclusive solicitation period to March 19, 2010;

6. Counsel for Debtors and C1 Trust previously negotiated in good faith in order to avoid unnecessary litigation on the Exclusivity Motion during commencement of the Joint Marketing Proposal, and reached an agreement that was ordered by this Court on October 15, 2009, whereby the Debtors' exclusive solicitation period was extended to December 17, 2009 [Dkt. No. 170]; and

7. Since that time, counsel for Debtors and C1 Trust have continued to negotiate in good faith in order to avoid unnecessary litigation on the Exclusivity Motion during commencement of the Joint Marketing Proposal, and reached a further agreement as ordered below.

- 3 -

It is THEREFORE

ORDERED that the exclusive period whereby the Debtors have the exclusive right to solicit and obtain acceptance of their Second Amended Plan of Reorganization, as set forth in section 1121(c)(3) of title 11 of the United States Code, is hereby further extended from December 17, 2009 until January 15, 2010; and it is FURTHER

ORDERED that consideration of the Debtors' Exclusivity Motion will be reset to January 11, 2010, at 1:30 p.m., whereby Debtors may request an additional extension of the exclusive period to any date on or prior to March 19, 2010, without the need for re-filing any motion; and it is FURTHER

ORDERED that any objections to the Exclusivity Motion shall be filed by January 4, 2010; and it is FURTHER

ORDERED that this Order, and the agreement memorialized thereby, shall not be construed as a waiver of any rights relating to any parties' request for or opposition to an extension of exclusivity beyond January 15, 2010, nor shall it be construed as a waiver of any rights to or prohibition against any party affirmatively seeking termination of Debtors' exclusivity prior to January 15, 2010 or any parties' rights to oppose such requested relief.

SIGNED this _____ day of _____, 2009.

_____
UNITED STATES BANKRUPTCY JUDGE

[*Remainder of Page Intentionally Left Blank*]

- 4 -

AGREED AS TO FORM:

| **FULBRIGHT & JAWORSKI, L.L.P.** | **DIAMOND MCCARTHY LLP** |
|---|---|
| By: */s/ William R. Greendyke* <br> William R. Greendyke <br> State Bar No. 08390450 <br> Southern District Admission No. 576573 <br> Mark A. Platt <br> State Bar No. 00791453 <br> 2200 Ross Avenue, Suite 2800 <br> Dallas, Texas 75201-2784 <br> Telephone: (214) 855-8000 <br> Facsimile: (214) 855-8200 | By: */s/ Brian A. Abramson* <br> Kyung S. Lee <br> Texas Bar No. 12128400 <br> Brian A. Abramson <br> Texas Bar No. 24050193 <br> 909 Fannin, Suite 1500 <br> Houston, Texas 77010 <br> Telephone: (713) 333-5100 <br> Telecopy: (713) 333-5195 <br><br> *Attorneys for Debtors and Debtors-in-Possession* |

and

R. Andrew Black
State Bar No. 02375110
Southern District Admission No. 09040
John D. Cornwell
State Bar No. 24050450
Southern District Admission No. 610439
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

*Attorneys for Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2007-C1, acting by and through Midland Loan Services, Inc., a Delaware Corporation, as Special Servicer Pursuant to that Certain Pooling and Service Agreement Dated March 1, 2007*