**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **AMARAVATHI LIMITED PARTNERSHIP,** | § | **Case No. 09-32754** |
| | § | |
| Debtor. | § | **Chapter 11 Case** |
| | § | |

| | | |
|---|---|---|
| | § | |
| | § | **Case No. 09-32755** |
| **In re:** | § | |
| | § | **Chapter 11 Case** |
| **AMARAVATHI KEERTHI, LLC,** | § | |
| | § | **Jointly Administered Under** |
| Debtor. | § | **Case No. 09-32754-H1-11** |
| | § | |

**C1 TRUST'S LIMITED OBJECTION TO DEBTORS' THIRD AMENDED
DISCLOSURE STATEMENT UNDER 11 U.S.C. § 1125 IN SUPPORT OF
THIRD AMENDED PLAN OF REORGANIZATION**
(Relates to Dkt. Nos. 225)

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Wells Fargo Bank, N.A., as trustee for the registered holders of Credit Suisse First

Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series

2007-C1 ("**C1 Trust**"), acting by and through Midland Loan Services, Inc., a Delaware

corporation, as special servicer pursuant to that certain Pooling and Service Agreement dated

March 1, 2007, a secured creditor and party-in-interest herein, hereby files this Limited

Objection (the "**Limited Objection**") to Amaravathi Limited Partnership and Amaravathi

Keerthi, LLC (collectively, "**Debtors**") Third Amended Disclosure Statement (the "**Third

Amended Disclosure Statement**") Under 11 U.S.C. § 1125 in Support of Third Amended Plan

of Reorganization (the "**Third Amended Plan**"), and would respectfully show the Court as

follows:

**RELIEF REQUESTED**

1.       C1 Trust supports approval of the Third Amended Disclosure Statement – and confirmation of the Third Amended Plan – as it will hopefully and, eventually, be written.  On its face, the Settlement Agreement (defined below) that forms the underlying basis for the Third Amended Plan is subject to modification, one or more open terms, and final approvals by Midland's internal credit committee and others.  However, at this time, the modifications and, therefore, the necessary approvals have not yet been finalized and thus C1 Trust asserts this Limited Objection and requests that the Third Amended Disclosure Statement not be approved until negotiations are complete and the necessary internal and external approvals have been obtained by C1 Trust.

2.       Finally, and equally as important, as of the date hereof, the Equity Investors (defined below), which are required to infuse $5 million of capital into the reorganized Debtors, as contemplated by the Third Amended Plan and Settlement Agreement, have not delivered and submitted funding commitment letters proving both their wherewithal and commitment to comply with the plan's funding requirements.  Without these funding commitments, approval of the Third Amended Disclosure Statement is premature, and solicitation of the Third Amended Plan is improvident.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.       The Bankruptcy Cases and Debtors' Original Plans of Reorganization**

3.       Amaravathi Limited Partnership ("**Amaravathi LP**") and Amaravathi Keerthi, LLC ("**Keerthi**" and together with Amaravathi LP, "**Debtors**") own and operate apartment

complexes in Austin and Round Rock, Texas.[1]  Debtors generate their revenue in whole through renting and/or leasing the Properties.

4.      When the Debtors acquired the Properties in December 2006, they entered into substantially identical loan documentation for each of the four Properties.  Accordingly, C1 Trust is the current holder of four promissory notes (the "**Notes**") corresponding to each Property, which are backed by, among other things, four separate but substantially identical: (a) Deeds of Trust and Security Agreements, (b) Assignments of Leases and Rents, and (c) Cash Management Agreements (collectively, together with all other relevant documentation,[2] the "**Loan Documents**").  The Loan Documents provide C1 Trust with first priority liens and other rights to substantially all of the Debtors' assets.  The current total outstanding principal balance owed to C1 Trust by Debtors is approximately $160,000,000.00.

5.      On April 23, 2009, Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") [Dkt. No. 1].

6.      On May 19, 2009, Debtors filed their plan of reorganization and disclosure statement [Dkt. Nos. 49 and 50, respectively].  On July 22, 2009, the Debtors filed their first amended plan and disclosure statement [Dkt. No. 104 and 105, respectively].   And on August 21, 2009, the Debtors filed their second amended disclosure statement, attaching thereto their second amended plan [Dkt. No. 132] (each of the Debtors' plans shall be collectively referred to as the "**Original Plan**").

---

[1] Mansions on Green I and Mansions on Green II located in Round Rock, Texas and Mansions at Canyon Creek and Mansions at Steiner Ranch located in Austin, Texas are collectively referred to hereafter as the "**Property**" or "**Properties**."

[2] A summary of the Loan Documents and a representative copy of each is attached as Exhibit A to C1 Trust's Motion for Relief from Stay [Dkt. No. 48].  Pursuant to order dated April 24, 2009, these cases are jointly administered.  Thus all docket citations shall hereafter refer to *In re Amaravathi Ltd. P'ship*, Case No. 09-32754.

### B.     The Joint Marketing Proposal

7.     In August 2009, C1 Trust and Debtors presented to the Court that certain Joint Marketing Proposal (the "**Joint Marketing Proposal**") Submitted by the Debtors and C1 Trust, which contemplated, *inter alia*, exposing the Properties to the market to determine their value.

8.     The Joint Marketing Proposal was successfully completed.  More than fifty (50) bids to purchase the Properties were received by Apartment Realty Advisors, the Court-approved Properties marketing company [Dkt. No. 149].  As reported to the Court at various status hearings, many of the bids indicated that the Properties are valued far in excess of that which was set forth in the Debtors' Original Plan.

9.     After a "best and final" bidding process, the Debtors and C1 Trust agreed that Levin Realty Advisors, LLC presented the highest and best offer.

### C.     The CNC Claim

10.     On September 8, 2009, CNC Investments ("**CNC**") filed its proof of claim (the "**Original Claim**") in the unsecured amount of $9,102,804.00.  On January 18, 2010, C1 Trust filed its Objection (the "**Objection**") to CNC's Original Claim [Dkt. No. 205, amended at Dkt. No. 206].  On February 5, 2010, CNC filed its Response (the "**Response**") to the Objection [Dkt. No. 210] and a purported amendment to its Original Claim (the "**Subsequent Claim**").  The Subsequent Claim asserts an unsecured claim for $9,740,028.61 "on behalf of [CNC] and those entities listed in the schedules attached [thereto]."  On March 8, 2010, C1 Trust filed its reply [Dkt. No. 218], which responded to the arguments set forth in the Response and asserted various new objections to the Subsequent Claim.

### D.     The Third Amended Plan and Disclosure Statement

11.     Even after conclusion of the Joint Marketing Proposal, certain disagreements between the parties existed, namely relating to treatment of the CNC and other insider claims and

Chowdary Yalamanchili's desire to remain as the manager of and/or equity holder in the Properties.  In order to solve these issues, C1 Trust and the Debtors announced their intention – pending final client approval – to submit to mediation.  On February 19, 2010, the Court ordered that the Debtors, CNC, and C1 Trust attend mediation with respect to all pending issues on or before March 10, 2010 [Dkt. No. 214].

12.     On March 10, and continued on March 16, 2010, the parties attended mediation and reached agreement in principal on all outstanding issues in the cases, subject to final review, potential consensual modification, agreement as to one or more open terms, and both internal and external approvals by Midland and others (as amended and supplemented, the "Settlement Agreement").  *See* Letter from the Mediator to the Court, dated March 18, 2010 [Dkt. No. 221].

13.     On March 26, 2010, Debtors filed their Third Amended Plan and Third Amended Disclosure Statement [Dkt. Nos. 226 and 225, respectively].  Each incorporates the terms of the Settlement Agreement, including the potential modifications and approvals mentioned above.

14.     A hearing to consider approval of the Third Amended Disclosure Statement is set for April 23, 2010, at 2:00 p.m. [Dkt. No. 228].  The objection deadline was April 21, 2010, at 12:00 p.m.  Pursuant to agreement with the Debtors, C1 Trust may file any objection on or before 5:00 p.m. on April 22, 2010.

## LIMITED OBJECTION TO AMENDED DISCLOSURE STATEMENT

15.     In general terms, as indicated by the Settlement Agreement, C1 Trust supports the Third Amended Plan.  The Debtors and C1 Trust have engaged in regular (and good faith) communications since the mediation to finalize the details and resolve the one or more open terms set forth in the Third Amended Plan and the Settlement Agreement.  To date, those details and open terms have not yet been finalized and C1 Trust must, therefore, conditionally object to

the Third Amended Disclosure Statement and solicitation of the Third Amended Plan in its present form.

16.     Additionally, as of this date, the Equity Investors contemplated in the Third Amended Plan and the Settlement Agreement have not delivered or submitted funding commitment letters for the full $5 million promised equity infusion.  Although the deadline pursuant to the Settlement Agreement has not yet passed, C1 Trust is concerned that the Equity Investors may be unable or unwilling to fulfill their obligations thereunder.  *See In re U.S. Brass Corp.*, 194 B.R. 420, 422 (Bankr. E.D. Tex. 1996); *In re Allied Gaming Mgmt., Inc.*, 209 B.R. 201, 202 (Bankr. W.D. La. 1997) ("A body of jurisprudence has developed which suggests that notwithstanding adequate disclosure of information required by section 1125(b), a disclosure statement should not be approved if the proposed plan, as a matter of law, cannot be confirmed."); *In re Copy Crafters Quickprint, Inc.*, 92. B.R. 973, 980 (Bankr. N.D.N.Y. 1988) (noting that approval of a disclosure statement "should be withheld if . . . it is apparent that the plan will not comply with Code § 1129(a) . . .").

17.     Consequently, because it is not yet certain whether the equity infusion described in the Third Amended Disclosure Statement will come to fruition, C1 Trust lodges this Limited Objection and requests that the Third Amended Disclosure Statement not be approved by this Court until and unless the Equity Investors submit commitment letters for the full $5 million equity infusion on or before a date certain to be set by the Court.

**II.     Reservation of Rights**

18.     C1 Trust believes that the parties will continue to negotiate in good faith and that there is a substantial likelihood that an Updated Settlement Agreement will be submitted to the Court promptly.  But the parties are not there yet.  Therefore, C1 Trust reserves all of its rights to amend and/or supplement this Limited Objection and to object to any modifications or

amendments to the Third Amended Disclosure Statement or any subsequent disclosure statement filed by Debtors.  The failure by C1 Trust to object to any factual assertion in the Third Amended Disclosure Statement should not be considered to be an agreement to the accuracy or veracity of any such assertion.  C1 Trust further reserves all of its rights to object to confirmation of the Third Amended Plan on any ground.

WHEREFORE, PREMISES CONSIDERED, C1 Trust respectfully prays that the Court sustain its Limited Objections to the Debtors' Third Amended Disclosure Statement and conditionally deny approval of the same, and grant C1 Trust such other and further relief to which it may be entitled, either at law or in equity.

[*Remainder of Page Intentionally Left Blank*]

Dated:  April 22, 2010
        Houston, Texas

Respectfully submitted,

**FULBRIGHT & JAWORSKI, L.L.P.**

By:  /s/ *William Greendyke*
William Greendyke
State Bar No. 08390450
Southern District Admission No. 576573
Mark A. Platt
State Bar No. 00791453
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-2784
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200

                and

R. Andrew Black
State Bar No. 02375110
Southern District Admission No. 09040
John D. Cornwell
State Bar No. 24050450
Southern District Admission No. 610439
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

*Attorneys for Wells Fargo Bank, N.A., as
Trustee for the Registered Holders of Credit
Suisse First Boston Mortgage Securities Corp.,
Commercial Mortgage Pass-Through
Certificates, Series 2007-C1, Acting By and
Through Midland Loan Services, Inc., a
Delaware Corporation, as Special Servicer
Pursuant to that Certain Pooling and Service
Agreement Dated March 1, 2007*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2010, a true and correct copy of the foregoing Limited Objection was served on all parties requiring notice pursuant to the Court's CM/ECF automatic electronic notice system.

/s/ John D. Cornwell
John D. Cornwell
State Bar No. 24050450
Southern District Admission No. 610439

*Attorneys for Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2007-C1, Acting By and Through Midland Loan Services, Inc., a Delaware Corporation, as Special Servicer Pursuant to that Certain Pooling and Service Agreement Dated March 1, 2007*